**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAYMOND AISPURO,**<br><br>Plaintiff,<br><br>v.<br><br>**FAIR COLLECTIONS & OUTSOURCING, INC.; AND, EQUIFAX INFORMATION SERVICES LLC,**<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.  **FAIR CREDIT REPORTING ACT;**<br><br>II.  **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;**<br><br>III.  **FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>IV.  **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>V.  **CALIFORNIA IDENTITY THEFT ACT; AND,**<br><br>VI.  **INTRUSION UPON SECLUSION**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.  As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW., APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW., APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

3. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

4. RAYMOND AISPURO ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of FAIR COLLECTIONS & OUTSOURCING, INC. ("FCO"); and, EQUIFAX INFORMATION SERVICES LLC ("Equifax") with regard to attempts by FCO to unlawfully and abusively collect an invalid debt from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9.   Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; 15 U.S.C. § 1692k; and, 28 U.S.C. § 1367 for supplemental state claims.

11.   This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); and, (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA"); (iii) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); (iv) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); (v) California Identity Theft Act, Cal. Civ. Code § 1798.82, et seq.; and, (vi) intrusion upon seclusion.

12.   Because Defendants conduct business within the State of California, personal jurisdiction is established.

13.   Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Los Angeles County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14.   Plaintiff is a natural person who resides in Reseda, California, from whom FCO sought to collect a consumer debt which was alleged to be due and owing from Plaintiff.

15.   In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1692a(3).

LOKER LAW., APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

16. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

17. FCO is a debt collector operating from the State of Maryland.

18. FCO is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

19. FCO is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

20. FCO in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

21. Equifax is a corporation located in the State of Georgia.

22. Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

23. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

24. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d); and, 15 U.S.C. § 1692a(5) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

25. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

26. At all times relevant, Plaintiff is an individual residing within the State of California.

27. In or about December 2016, Plaintiff was engaged in the process of purchasing his first home.

28. This process required Plaintiff to gather documents containing highly personal information including Plaintiff's Social Security card; bank statements; and, other identification information.

29. Unfortunately, a bag containing Plaintiff's personal laptop as well as the underwriting paperwork was stolen from Plaintiff shortly thereafter.

30. In January 2019, Plaintiff then learned that a fraudster utilized Plaintiff's personal information to obtain at least two residential apartments in Plaintiff's name without Plaintiff's knowledge or consent.

31. Since Plaintiff owned his own home, Plaintiff had no need for an apartment and did not authorize any individuals to utilize Plaintiff's information in connection with obtaining their own apartment.

32. The fraudster eventually abandoned these properties while failing to pay large outstanding debts.

LOKER LAW., APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

33. One such debt is in the amount of $19,145.16 and owed to Invitation Homes.

34. Following the fraudster's delinquency on this debt, Invitation Homes assigned, transferred, or sold the debt to FCO for collection.

35. The other debt is in the amount of $6,778.61 and owed to Ticino at Noho Apartments.

36. Following the fraudster's delinquency on this debt, Ticino assigned, transferred, or sold the debt to I.Q. Data International, Inc. for collection.

37. Immediately upon discovering these fraudulent accounts, Plaintiff obtained a police report and began the dispute process.

38. Plaintiff's police report explained the basis for Plaintiff's belief that Plaintiff is the victim of identity theft.

39. Plaintiff provided a copy of this police report to FCO in connection with Plaintiff's disputes.

40. FCO; however, requested that Plaintiff complete their own Identity Theft Affidavit.

41. Plaintiff completed FCO's Identity Theft Affidavit on February 25, 2019 and included additional information explaining the basis for Plaintiff's belief that Plaintiff is the victim of identity theft.

42. Plaintiff provided the Identity Theft Affidavit; his Police Report; and, a dispute containing a narrative to FCO while asking FCO to absolve Plaintiff of this fraudulent account.

43. FCO rejected Plaintiff's fraud claim via written communication dated March 22, 2019.

44. Plaintiff also concurrently disputed I.Q. Data's collection of the fraudulent debt owed to Ticino.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

45. These disputes similarly provided the Identity Theft Affidavit; a Police Report; and, a narrative explaining the basis for Plaintiff's belief that Plaintiff was the victim of identity theft.

46. I.Q. Data rejected Plaintiff's fraud claim via written communication dated April 26, 2019.

47. Undeterred, Plaintiff also submitted written disputes regarding the fraudulent debts to the Credit Bureaus.

48. These written disputes likewise provided Plaintiff's Identity Theft Affidavit; a Police Report; and, a narrative explaining the basis for Plaintiff's belief that Plaintiff was the victim of identity theft.

49. Said disputes; however, also provided bank statements as well as utility bills establishing that Plaintiff lived only in the home that he owned as opposed to either of the apartments fraudulent obtained in his name.

50. On information and belief, the Credit Bureaus received these written disputes shortly thereafter and notified FCO and I.Q. Data of the disputes.

51. FCO and I.Q. Data were then required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

52. The Credit Bureaus were also required to conduct their own reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

53. Plaintiff received notification from Equifax dated September 4, 2019 that the furnishers and the Credit Bureaus received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.

54. Despite receipt of Plaintiff's disputes, FCO and Equifax continued inaccurate credit reporting regarding the FCO debts to Plaintiff's credit reports.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

55. Equifax; however, removed the I.Q. Data tradeline from Plaintiff's Equifax Credit file.

56. Additionally, both Experian and Trans Union removed each of the fraudulent accounts from Plaintiff's credit report in response to Plaintiff's written disputes.

57. To date, FCO's inaccurate credit reporting remains on Plaintiff's Equifax Credit Reports.

58. FCO submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

59. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

60. Defendants' investigations were unreasonable.

61. More specifically, FCO should have discovered from FCO's own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff provided information showing where Plaintiff actually lived at the time the apartments were fraudulently obtained in his name.

62. Plaintiff contends that it was unreasonable for Equifax and FCO to not contact Plaintiff for further information if needed; to not contact the Los Angeles Police Department; and, to not conduct a simple inquiry regarding Plaintiff's home ownership.

63. The unreasonableness of these investigations is further established by the fact that I.Q. Data; Experian; and, Trans Union all independently concluded that Plaintiff was the victim of identity theft based upon the exact same information.

64. Accordingly, FCO failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

65. FCO failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

66. Due to FCO's failure to reasonably investigate, FCO further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

67. By inaccurately reporting account information after notice and confirmation of its errors, FCO failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

68. Through this conduct, FCO violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that FCO knew or should know was inaccurate.

69. Equifax also failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

70. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

71. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

72. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

73. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

LOKER LAW., APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

74. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

75. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

76. Defendants' conduct has caused Plaintiff emotional distress.

77. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

78. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

79. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large charge-off mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

80. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.

81. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

82. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

83. Similarly, Equifax also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

84. These documents should have caused Equifax to remove the inaccurate information from Plaintiff's credit report.

85. By intentionally reporting continuing obligations, Equifax acted in conscious disregard for Plaintiff's rights.

86. To report an ongoing obligation despite the fraudulent nature of these accounts shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

87. Through this conduct, FCO violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FCO violated Cal. Civ. Code § 1788.17.

88. Through this conduct, FCO violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff.   This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FCO violated Cal. Civ. Code § 1788.17.

89. Through this conduct, FCO violated 15 U.S.C. § 1692e(8) by reporting credit information regarding Plaintiff that FCO knew or should have known to be inaccurate  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FCO violated Cal. Civ. Code § 1788.17.

90. Through this conduct, FCO violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FCO violated Cal. Civ. Code § 1788.17.

LOKER LAW., APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

91. Through this conduct, FCO violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FCO violated Cal. Civ. Code § 1788.17.

92. Through this conduct, FCO violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FCO violated Cal. Civ. Code § 1788.17.

93. Through this conduct, Defendant violated Cal Civ. Code § 1798.93.

94. The continued pursuit of Plaintiff through direct collection efforts and credit reporting despite the fraudulent nature of these accounts shows that FCO took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

95. FCO's outrageous, abusive, and malicious acts constituted an intrusion upon Plaintiff's seclusion.

96. FCO intruded upon the solitude and seclusion of Plaintiff's private affairs by obtaining information regarding Plaintiff in connection with a transaction not authorized by Plaintiff.

97. Said information was obtained without Plaintiff's knowledge or consent and was utilized in connection with the opening of the fraudulent account and utilized to further FCO's collection efforts in connection with the judgment and credit reporting.

98. In addition, FCO's repeated collection efforts misrepresenting Plaintiff to be personally liable for fraudulent debts also intruded upon the solitude, seclusion, and private affairs of Plaintiff.

99. FCO's intrusions were substantial and highly offensive to Plaintiff as well as an ordinarily reasonable person.

100. FCO's intrusions caused Plaintiff to sustain injury, damages, loss, and harm in the form of emotional distress and pecuniary loss as discussed herein.

101. Since Plaintiff's efforts to be absolved of the fraudulent debts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST ALL DEFENDANTS]

102. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

103. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

104. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

105. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

LOKER LAW., APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

# COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

## [AGAINST FCO]

106. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

107. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

108. In the regular course of its business operations, FCO routinely furnishes information to credit reporting agencies pertaining to transactions between FCO and FCO'S consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

109. Because FCO is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), FCO is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

110. Since FCO received all documents required to determine the inaccuracy of FCO'S reporting, FCO should have known to update said reporting.

111. FCO also should have determined that FCO'S reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**COUNT III**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692-1692(P) (FDCPA)**

**[AGAINST FCO]**

112. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

113. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

114. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**COUNT IV**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION**

**PRACTICES ACT**

**CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)**

**[AGAINST FCO]**

115. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

116. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

117. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from FCO.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

# COUNT V

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT

## CAL. CIV. CODE § 1798.92-1798.97

### [AGAINST FCO]

118. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

119. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

120. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

# COUNT VI

## INTRUSION UPON SECLUSION

### [AGAINST FCO]

121. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

122. The foregoing acts and omissions constitute numerous and multiple instances of inclusion upon seclusion.

123. FCO intentionally intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

124. This intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person.

125. The intrusion caused Plaintiff to sustain injury, damage, loss, and harm.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

126. FCO penetrated a zone of physical or sensory privacy surrounding Plaintiff and obtained unwanted access to data regarding Plaintiff.

127. Plaintiff had an objectively reasonable expectation of seclusion or solitude in the data source.

128. The actions taken by FCO indicate a willingness to execute, maintain, and pursue improper business practices regardless of the validity of the debt.

129. In pursuing their egregious, and unlawful debt collection efforts against Plaintiff, FCO is guilty of oppression, fraud, and malice as defined by Cal. Civ. Code § 3294(c)(1), (2), (3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- Punitive damages according to proof as to the FCRA; CCCRAA; and, intrusion upon seclusion claims;

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and,

- Any and all other relief the Court deems just and proper.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## TRIAL BY JURY

130. Pursuant to the Seventh Amendment to the Constitution of the United States of
America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 9, 2020                                  Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420